**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PEANUTS WORLDWIDE LLC, | Case No. 1:21-cv-01099 |
| Plaintiff, | |
| | Hon. John J. Tharp, Jr. |
| v. | |
| | Magistrate Judge Gabriel A. Fuentes |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants | |

## DEFENDANT FUZHOU TIANZAO BIOTECH CO., LTD.'S MOTION TO VACATE DEFAULT JUDGMENT

Defendant Fuzhou Tianzao Biotech Co., Ltd. d/b/a TzKJ ("TzKJ" or "Defendant"), by and through its counsel of record, moves to vacate the default judgment entered by this Court on May 18, 2021, pursuant to Fed. R. Civ. P. 55(c) and 60(b).

Dated: August 20, 2021

Respectfully submitted,

/s/ *Edward Chen*
Edward Chen (CA Bar No. 312553)
YK Law LLP
125 South Wacker Dr. Suite 300
Chicago, Illinois 60606
(213) 401-0970
echen@yklaw.us

*Attorneys For Defendant*
*Fuzhou Tianzao Biotech Co., Ltd.*

## INTRODUCTION

Defendant TzKJ seeks relief from the default judgment entered on May 18, 2021 (Dkt. 57).

TzKJ respectfully requests that the default judgment be vacated pursuant to Fed. R. Civ. P. 60(b)(4), and that this case be dismissed for lack of personal jurisdiction and insufficient service of process (or in the alternative, allow for this case to proceed on the merits.)

Defendant has no ties to the present forum that would permit the Court to exercise personal jurisdiction over it. TzKJ has no physical presence in this forum, and it does not purposefully avail itself of doing business in Illinois. TzKJ's only "contact" with Illinois was the sale and shipment of a single product to an Illinois address (Plaintiff's law firm) through a third-party website. This, without more, is insufficient for purposes of establishing minimum contacts to sustain personal jurisdiction. Additionally, exercising jurisdiction over TzKJ is improper because service via email is deficient and in violation of the Hague Service Convention.

As this Court does not have jurisdiction over TzKJ, the default judgment against TzKJ is void and must be set aside pursuant to Rule 60(b)(4). Accordingly, TzKJ respectfully requests this Court set aside the default judgment and dismiss the case or permit TzKJ to defend against the allegations asserted against it.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action by filing the complaint on February 25, 2021. (Dkt. 1.) The complaint alleges, *inter alia*, that certain "Schedule A" Defendants sells or offers to sell counterfeit products which use Plaintiff's registered trademarks and copyrights. (*Id.*) On February 26, Plaintiff filed the motion for an *ex parte* Temporary Restraining Order, Motion for Expedited Discovery, Motion for Alternative Service and Motion For Leave to File Under Seal (Dkt. 11-19.) This Court granted Plaintiff's motions and entered temporary restraining order (TRO) under seal

on March 4, 2021. (Dkt. 22, 23.) The TRO was extended on March 18, 2021. (Dkt. 29.) On March 29, 2021, Plaintiff filed a Motion to convert the TRO into a Preliminary Injunction Order (Dkt. 33-35.).

On or around March 30, 2021, TzKJ received an email from Plaintiff's law firm about the instant lawsuit. (Declaration of Ryan Cheung ¶ 3, Exhibit A) ("Cheung Decl."). The email contained a link to the Complaint and TRO but did not specify that there was a deadline to respond to the instant lawsuit. (*Id.*) On or around March 31, 2021, TzKJ received another email from Plaintiff's law firm inviting TzKJ to engage in settlement discussions. (*Id.* ¶ 4)

On April 1, 2021, Plaintiff's Motion for Preliminary Injunction was granted, and this Court entered a Preliminary Injunction Order on the same day. (Dkt. 37.)

Due to apparent language barriers and in the hope the dispute could be resolved amicably between them, TzKJ retained a non-lawyer third-party representative to negotiate on its behalf and for the majority of April, its representative was engaged in settlement discussions with Plaintiff. (Cheung Decl. ¶ 6)

Plaintiff filed the Motion for Default Judgment on May 5, 2021 (Dkt. 45-47.) The Default Judgment Order was entered by the Court on May 18. (Dkt. 57.) Around mid to late May, TzKJ replaced its negotiating representative with the undersigned counsel and attempted to engage in further negotiations and as a last resort – file the motion to set aside the default judgment for the reasons set forth herein. (Cheung Decl. ¶ 7).

Negotiations continued for another two months until it became clear that no progress was being made and Plaintiff rejected all attempts to resolve this matter in good faith. (Declaration of Edward Chen, ¶ 2, ("Chen Decl.")) Only after exhausting negotiations did TzKJ bring the present motion.

3

## **LEGAL ARGUMENT**

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default judgement "[f]or good cause shown," and may set aside a default judgment "in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Fed. R. Civ. P. 60(b)(4) allows a court to relieve a party or its legal representative from a final judgment, order, or proceeding on the basis that "the judgment is void".

Under section (c)(1) of Fed. R. Civ. P. 60, a motion under 60(b)(4) must be made within a reasonable time. Here, the default judgment was entered on May 18, 2021 (Dkt. 57). TzKJ's Motion was brought on August 20, 2021, which is reasonable under the circumstances, as TzKJ and Plaintiff has been engaged in settlement negotiations that continued for months until it became clear that no progress was being made. (Cheung Decl. ¶¶ 6-7; Chen Decl. ¶ 2.) *See, e.g., Bluegrass Marine Inc. v. Galena Rd. Gravel, Inc.*, 211 F.R.D. 356, 358 (S.D. Ill. 2002) *(citing Whitman v. U.S. Lines, Inc.,* 88 F.R.D. 528 (E.D.Tx.1980) (vacating entry of default where default was a result of the defendant' good faith belief that the matter could be resolved outside of court)).

If a court finds a judgment void, the court must vacate the judgment under Rule 60(b)(4). It does not have discretion as it would under any other sections of Rule 60(b). *Relational, LLC v. Hodges*, 627 F.3d 668, 671; *Bally Export Corp. v. Balicar, Ltd*., 804 F.2d 398, 400 (7th Cir.1986); *United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply*, 55 F.3d 1311, 1317 (7th Cir., 1995);*Be2 LLC v. Ivanov*, 642 F.3d 555, 557 (7th Cir. 2011)( "When a district court enters default judgment without personal jurisdiction over the defendant, the judgment is void, and it is a per se abuse of discretion to deny a motion to vacate that default judgment.").

A judgment is void within the meaning of Fed. R. Civ. P. 60(b)(4) if the court lacked personal jurisdiction. *In re Whitney-Forbes, Inc.*, 770 F.2d 692, 696 (7th Cir.1985); *see also*

*Relational*, 627 F.3d at 671 (7th Cir.2010) (when a district court enters a default judgment without personal jurisdiction over the defendant, the judgment is void).  For the reasons set forth below, this Court lacks jurisdiction over TzKJ.

A. **Default Judgment Should Be Vacated Because This Court Lacks Personal Jurisdiction Over A Defendant Whose Activities Do Not Target the Forum State**

A federal court sitting in Illinois may exercise jurisdiction over Defendant only if authorized both by Illinois law and by the United States Constitution. See Fed. R. Civ. P. 4(k)(1)(A); *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir.2010).  The Illinois long-arm statute, in turn, permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States. 735 ILCS 5/2-209(c).  The constitutional analysis under Illinois law and the United States Constitution essentially merges.  *See., e.g. , Illinois v. Hemi Group LLC*, 622 F.3d 754, 756 (7th Cir. 2010).  Thus, as a practical matter, this Court may exercise personal jurisdiction over defendants only when they have "certain minimum contacts with [Illinois] such that maintenance of the suit [here] does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

While there are two theories of personal jurisdiction—general and specific, here, Plaintiff purportedly relies on a theory of specific jurisdiction which is "case-specific" and exists only where the defendant has "***purposefully* directed**" its activities at residents of the forum state and where the plaintiff's claim is "linked to the [defendant's] activities or contacts with" Illinois "such that [the defendant] should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73.

Contrary to Plaintiff's assertions, TzKJ does not intentionally direct any of its activities toward Illinois.  Importantly, TzKJ does not purposefully avail itself of conducting business in

Illinois by selling or making its products available for sale on a <u>third-party website</u> that is accessible from fifty states in the U.S. *See, e.g.*, *Sun Chenyan v. The Partnerships and Unincorporated Assoc's Identified on Schedule "A"*, 2021 WL 1812888, at *5 (N.D. Ill. May 6, 2021) (finding no personal jurisdiction where foreign defendants owned and operated storefronts on eBay); *Noboa v. Barcelo Corporacion Empresarial, S.A., 2015 WL 13050008* (N.D. Ill. Mar. 26, 2015) (denying specific jurisdiction against the Defendant Mexican hotel, where Plaintiff, an Illinois resident, booked the hotel through a third-party website, Orbitz.com., and died on a trip it booked at the Mexican hotel.) As is in these cited cases, TzKJ does not expressly elect to do business in Illinois. TzKJ did not sell or offer for sale a single product to Illinois residents through its own commercial websites -- its only "contact" with Illinois was through Amazon, a third-party website. (Cheung Decl. ¶ 8.) Plaintiff cannot show any relevant contacts that TzKJ *itself* creates with the forum state.

Moreover, the Supreme Court has made clear that for the purposes of personal jurisdiction, Plaintiff cannot manufacture jurisdiction. "The plaintiff or its agents can't be the only link between the defendant and the forum". *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Here, TzKJ sold only one alleged counterfeit product in the amount of $24.81 dollars through Amazon.com to 300 S Wacker Dr, Ste 2500, Chicago, Illinois, the address of Plaintiff's law firm. (Cheung Decl. ¶ 8.) As such, TzKJ's only "contact" with Illinois was the sale and shipment of a single product via a third-party website to Plaintiff or Plaintiff's agent. This, without more, adds nothing to show any voluntary conduct on the part of TzKJ that is specifically directed at Illinois.

Finding jurisdiction here in Illinois could also offend traditional notions of fair play and substantial justice because finding jurisdiction here would likely give rise to "universal personal jurisdiction because users from across the country, except those from a handful of places, could

6

purchase from [an e-commerce website]." *Sun Chenyan*, 2021 WL 1812888, at *5 (N.D. Ill. May 6, 2021). To hold otherwise Defendants would need to appear "for merely random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person," which would be against the principle of personal jurisdiction. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020), citing *Burger King*, 471 U.S. at 475.

**B. Default Judgment Should Be Vacated Because Email Service is Insufficient Under Fed. R. Civ. P. 4(f)(3) and Prohibited By the Hague Service Convention**

Only proper service vests a district court with personal jurisdiction over a defendant. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Accordingly, if the service is defective, the judgment is void and should be set aside. Importantly, "actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).

Proper service on corporation in a member foreign country is governed by Fed. R. Civ. P. 4(f). Fed. R. Civ. P. 4(h). Fed. R. Civ. P. 4(f)(3) outlines one method for effecting proper service on an entity in a foreign country: "by other means not prohibited by international agreement, as the court orders." Service under Rule 4(f)(3) is subject to the Hague Convention. "[C]ompliance with the Convention is mandatory in all cases to which it applies." *Volkswagen Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988); Fed. R. Civ. P. 4(f) advisory committee's note to 1993 amendment ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service.")

The Hague Convention applies in any civil or commercial case when service must be made in another signatory state, unless the address of the party to be served is unknown. Art. 1, 20 U.S.T. at 362. China and the United States are both signatories to the Hague Convention, and its rules

govern service. As such, unless "the address of the person to be served with the document is not known", service of process upon defendants located in China must comply with the mandatory service requirements of the Hague Service Convention. *Luxottica Group S.p.A. v. "Schedule A"*, 391 F. Supp. 3d 816 (N.D. Ill. May 24, 2019). The Convention provides for very limited means of service which does not include email. *Id.* at 822. As the Convention does not expressly provide for email service, such methods of service are preempted as inconsistent. *See Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017) (The Convention only authorizes certain means of service and preempts other means not expressly authorized by the Convention as inconsistent.) Hence, when the Convention applies, service on individuals and entities located solely in China via emails is ineffective.

Plaintiff failed to establish that the Convention does not apply. In seeking permission from this Court to serve via emails, Plaintiff relied on a vague and untrue allegation that Defendants "provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct." (Dkt 17.) However, this Court requires Plaintiff to exercise reasonable diligence to locate Defendant's whereabouts. *Luxottica*, 391 F. Supp. 3d 816, at 822. "[A] generalized suspicion about an address's validity does not make it 'unknown' under the Hague Service Convention, courts require specific proof of a 'reasonable investigation' of the address's validity before finding that it is 'unknown'". *Id.* at 823; *see also Advanced Access Content Sys. Licensing Admin., LLC v. Shen*, 2018 WL 4757939, at *5 (S.D.N.Y. Sept. 30, 2018) ; *Shenzhen Ruobilin Network Tech., Ltd. v. SJG-Lesn*, 2016 WL 6988868, at *1 (W.D. Wis. Nov. 29, 2016) ; *Blumedia Inc. v. Sordid Ones BV*, 2011 WL 42296, at *2 (D. Colo. Jan. 6, 2011) ; *Compass Bank v. Katz* , 287 F.R.D. at 395–96 (S.D. Tex. 2012); *Progressive Se. Ins. Co. v. J & P Transp.*, 2011 WL 2672565, at *2–3( (N.D. Ind. July 8, 2011).

8

In this case, TzKJ has its sole physical presence in China. (Cheung Decl. ¶ 5). TzKJ's physical location was clearly discoverable by Plaintiff at the time of, or just prior to filing the Complaint. TzKJ correctly lists its name and its physical location on its Amazon Seller's Profile page as No. 9, North Jinzhou Road Fuzhou, Tianxiang Sports, Cultural and Creative Industry Park C-501, Jianxin Town, Fuzhou City, Fujian Province, China 35000. (*Id.,* Exhibit B). As such, Plaintiff had no reasonable excuse to bypass the Convention to pursue email service. Nor did Plaintiff bring forth any evidence or assert any argument as to any reasons for why it should have been permitted to circumvent clearly established law regarding proper service of process. Therefore, email service was improper, and TzKJ respectfully requests this court set aside the default on this basis.

## **CONCLUSION**

For the foregoing reasons, TzKJ respectfully requests that the Court set aside the default judgment against it and either dismiss the case for lack of personal jurisdiction or permit TzKJ to defend itself from Plaintiff's claims.

Dated: August 20, 2021                                Respectfully submitted,


                                                      */s/ Edward Chen*
                                                      Edward Chen (CA Bar No. 312553)
                                                      YK Law LLP
                                                      125 South Wacker Dr. Suite 300
                                                      Chicago, Illinois 60606
                                                      (213) 401-0970
                                                      echen@yklaw.us

                                                      *Attorneys For Defendant*
                                                      *Fuzhou Tianzao Biotech Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2021 the foregoing was filed via the Court's CM/ECF filing system, and copies were thereby served upon all counsel of record having appeared in this matter.

/s/ *Edward Chen*
Edward Chen