IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEANUTS WORLDWIDE LLC,<br><br>Plaintiff,<br><br>v.<br><br>YENS BAGS STORE, et al.,<br><br>Defendants. | Case No. 21-cv-01099<br><br>**Judge John J. Tharp, Jr.**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

**PLAINTIFF'S MOTION TO STAY MOTION TO VACATE DEFAULT [68] AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

Plaintiff Peanuts Worldwide LLC ("Plaintiff"), by its counsel, moves this Honorable Court to stay defendant Fuzhou Tianzao Biotech Co., Ltd. d/b/a TzKJ's ("TzKJ" or "Defendant") Motion to Vacate Default Judgment ("Defendant's Motion") [68], to conduct jurisdictional discovery.

Defendant set up and operated an Amazon.com e-commerce store that targeted United States consumers by offering shipping to the United States, including Illinois, accepting payment in U.S. dollars, and shipping infringing products to residents of Illinois. [1] at ¶ 2; [14] at ¶ 20, attached hereto as Exhibit 1. As such, this Court properly exercised personal jurisdiction[1] over Defendant. S*ee Tommy Hilfiger Licensing LLC et. al. v. The P'ships, et al.*, No. 20-cv-7477 (N.D. Ill. March 24, 2021) (Dkt. No. 46) (unpublished) (citing *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392-93 (7th Cir. 2020)), attached hereto as Exhibit 2. Plaintiff submits that Defendant's Motion, which is supported only by self-serving statements in the Declaration of

---

[1] Defendant was also properly served via email on March 29, 2021 [32] pursuant to this Court's Order [23]. Moreover, previous counsel for Defendant contacted Plaintiff on behalf of Defendant on March 31, 2021, well before judgment was entered on May 18, 2021 [57].

1

Ryan Cheung [68-1] ("Cheung Declaration") does not meet Defendant's burden of proving that this Court lacked jurisdiction over Defendant. *See Redden v. Jenkins*, No. 15-cv-10819 (N.D. Ill. Sep. 27, 2017) (Dkt. No. 60) (unpublished); *see also NBA Properties, Inc., et al. v. The P'ships, et al.*, No. 20-cv-07543, p. 7 (N.D. Ill. July 15, 2021) (Dkt. No. 58) (unpublished) ("Plaintiffs' reasons for purchasing the allegedly infringing material provided by products is not relevant to the personal jurisdiction analysis"); *Christian Dior Couture, S.A. v. Chinabrandmall.com, et al.*, No. 20-cv-02421 (N.D. Ill. July 8, 2021) (Dkt. No. 81) (unpublished) (rejecting same arguments regarding service); *Oakley, Inc. v. Yantai Lanlei Network Technology Co., Ltd., et al.*, No. 20-cv-00396 (N.D. Ill. May 12, 2021) (Dkt. No. 54) (unpublished) (same); attached hereto as Exhibit 3.

However, out of an abundance of caution and to the extent that there is any ambiguity regarding personal jurisdiction, Plaintiff seeks limited jurisdictional discovery to test the veracity of and learn the factual basis for statements made in the Cheung Declaration. *See Black & Decker, Inc. v. Shanghai Xing Te Hao Indus. Co.,* No. 02-cv-4615, 2003 U.S. Dist. LEXIS 10127, at *12 (N.D. Ill. 2003) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.")); *JT's Frames, Inc. v. Casares*, No. 16-cv-2504, at *6 (N.D. Ill. Feb. 12, 2018) (unpublished) (Dkt. No. 75) ("Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue."), attached hereto as Exhibit 4. For example, the Cheung Declaration omits key facts such as the actions taken by Defendant in setting up the Amazon storefront, the nature of products sold through Defendant's Amazon store, how a search was performed to determine how many infringing items were sold, and Defendant's contacts with the United States outside of

Illinois, which is relevant under Fed. R. Civ. P. 4(k)(2). Without limited jurisdictional discovery, Plaintiff does not have access to this information.

As such, Plaintiff requests that this Court permit jurisdictional discovery of Defendant prior to Plaintiff responding to Defendant's Motion.

Dated this 23rd day of August 2021.	Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Isaku M. Begert
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
ibegert@gbc.law

*Counsel for Plaintiff Peanuts Worldwide LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of August 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/EC system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Isaku M. Begert
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
ibegert@gbc.law

*Counsel for Plaintiff Peanuts Worldwide LLC*