IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEANUTS WORLDWIDE LLC,<br><br>Plaintiff,<br><br>v.<br><br>YENS BAGS STORE, et al.,<br><br>Defendants. | Case No. 21-cv-01099<br><br>**Judge John J. Tharp, Jr.**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

### PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37

Plaintiff Peanuts Worldwide LLC ("Plaintiff"), by its counsel, moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to strike or deny defendant TzKJ's ("Defendant") Motion to Vacate Default Judgment [68] ("Defendant's Motion").

### BACKGROUND

On May 19, 2021, the Court entered Final Judgment against all defendants remaining in the case, including Defendant TzKJ. On August 20, 2021, Defendant filed a Motion to Vacate the Default Judgment [68] ("Defendant's Motion"), based on an alleged lack of personal jurisdiction. On October 12, 2021, the Court ordered jurisdictional discovery regarding Defendant's Motion and supporting declaration. *See* [73].

On October 14, 2021, Plaintiff served its First Set of Interrogatories ("Interrogatories")' and First Set of Requests for Production ("RFPs") (collectively, "Plaintiff's Discovery Requests") on Defendant. *See* Declaration of Isaku M. Begert (the "Begert Decl.") at ¶ 2. The

1

response deadline elapsed on December 17, 2021.[1] *See* [73]. While Defendant did respond, it failed to provide any substantive answers or produce a single document. Begert Decl. at ¶ 3.

### Local Rule 37.2 Meet and Confer Certification

On November 30, 2021, Plaintiff sent an email to Defendant advising Defendant that the deadline (under the Federal Rules of Civil Procedure) to respond to Plaintiff's Discovery Requests had elapsed and requesting a Local Rule 37.2 meet-and-confer conference. *Id.* at ¶ 4. Defendant failed to provide its availability for a Local Rule 37.2 meet-and-confer conference. *Id*. Plaintiff sent a second request for a Local Rule 37.2 meet-and-confer conference on December 20, 2021. *Id.* at ¶ 5. On December 22, 2021, Plaintiff and Defendant met and conferred per Local Rule 37.2 regarding Defendant's lack of production and expired deadlines. *Id.* at ¶ 6. Defendant promised that it would produce the requested documents by Friday, December 24, 2021. *Id.* at ¶ 7. As of the filing of this Motion, Defendant has not produced any documents despite being served with Plaintiff's Discovery Requests 79 days ago. *Id.* Plaintiff certifies that the movant has in good faith conferred with the party failing to act in an effort to obtain the answer or response without court action. *Id.* at ¶ 6.

### ARGUMENT

**I.     Legal Standard**

Rule 37 provides that a court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response. Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). This includes, among other sanctions, striking a pleading. Fed. R. Civ. P. 37(b)(2)(A)(iii). Rule 37(d) also

---

[1] Defendant was given 62 days to respond to Plaintiff's Discovery Requests, more than double the time provided under the Federal Rules of Civil Procedure.

mandates that the noncompliant party and/or his counsel "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"Judges must be able to enforce deadlines. Doing so means the use of sanctions, even severe ones such as default, when parties ignore the ongoing proceedings . . ." *Patterson v. Coca-Cola Bottling Co.*, 852 280, 283 (7th Cir. 1998) (citing *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987)). Moreover, federal courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," which encompasses "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Domanus v. Lewicki*, 288 F.R.D. 416, 419 (N.D. Ill. 2013), *aff'd*, 742 F.3d 290 (7th Cir. 2014).

**II.     Defendant's Motion Should be Stricken**

Sanctions under Rule 37 "are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant." *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996). In this case, Defendant failed to respond to discovery requests as required under the Federal Rules of Civil Procedure. Sanctions are particularly appropriate here because Defendant is "gaming the system" by filing a post-Judgment Motion, creating the need to conduct discovery, and then not producing any documents or providing information in violation of this Court's Order [73]. *See Webb v. CBS Broadcasting, Inc.*, 2010 WL 2104179 (N.D. Ill. May 25, 2010) (requiring party to show cause why they should not be barred from presenting evidence after that party repeatedly failed to meet discovery deadlines and had "not produced a single document in response to any of [movant's] requests"). Striking Defendant's Motion is a properly tailored sanction and authorized under Rule 37(d)(1)(A)(ii). Plaintiff is also entitled to reasonable expenses, including attorney's fees. *See* Fed. R. Civ. P. 37(b)(2)(C); 37(d)(3).

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court either strike or deny Defendant's Motion to Vacate Default Judgment [68] without leave to refile.

Dated this 3rd day of January 2022.    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson Martin
Isaku M. Begert
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
ibegert@gbc.law

*Counsel for Plaintiff Peanuts Worldwide LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of January 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of E-Filing" to the attorneys of record in the case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson Martin
Isaku M. Begert
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
ibegert@gbc.law

*Counsel for Plaintiff Peanuts Worldwide LLC*